## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADIN MICHAEL BLIESATH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-5395** |
| | : | |
| GOOGLE, *et al.*, | : | |
|     Defendants. | : | |
| | : | |
| IN RE: JADIN MICHAEL BLIESATH | : | **CIVIL ACTION NO. 20-CV-5396** |
| | : | |
| | : | |
| JADIN MICHAEL BLIESATH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-5397** |
| | : | |
| GOOGLE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                     **DECEMBER 23, 2020**

Plaintiff Jadin Michael Bliesath, who resides in Reading, Pennsylvania, recently filed three separate, but seemingly related, Complaints within a few days of each other. Bliesath seeks leave to proceed *in forma pauperis* in each civil action. For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaints as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.     FACTUAL ALLEGATIONS**

Bliesath has used different standard forms to be used by a self-represented litigant filing a civil action in each of his three cases. The impetus for his Complaints appears to be his general dissatisfaction with, or societal concerns about, three technology or social media companies —

Google, Apple, and Facebook.  In each of his cases, Bliesath fails to specifically set forth his claims, but asserts that the events giving rise to his claims have occurred "everyday" all over the world.

### Civil Action No. 20-5395

In the first form Complaint filed, a Complaint for Violation of Civil Rights, Bliesath checks off the boxes indicating that he is pursuing both a *Bivens* claim and a § 1983 claim.  (Civ. A. No. 20-CV-5395, Complaint, ECF No. 2 at 3.)[1]  With respect to the federal constitutional or statutory rights he claims are being violated, Bliesath asserts the following:

> Failure to stop, spying, murderous behavior, attempts to overthrow gov, traitorous, etc.  Behaviors that would kill or endanger another human life.
>
> . . .
>
> No clue, but they are involved in drugs and illegal gaming, and importing.

(*Id.*)  Much of this Complaint is nonsensical and frivolous.  For instance, with respect to the facts underlying his claims, Bliesath states, in part, as follows:

> Piracy, gambling, fake merchandise, lying, spying, fake news, burning the whitehouse down, obscene gestures, providing pornography to underage children, etc.

(*Id.* at 4.)  Bliesath avers, *inter alia*, that he is "scared to go outside" and has a "lack of trust" and "loss of reality."  (*Id.* at 5.)  He contends that "they told [him] to eat a glitter covered glue lollipop and suggested [he]'d die."  (*Id.*)  As for his requested relief, Bliesath asserts that "they" should be "taken out of operations" and "criminal charges" should be filed.  (*Id.*)  Bliesath also avers that he has "no lawn to rake. They must think me the dare cow, who [he]'d never eat, they speak in tounge [sic]."  (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

**Civil Action No. 20-5396**[2]

In this form Complaint entitled "Complaint and Request for Injunction," Bliesath asserts that the basis for federal court jurisdiction is a federal question, but when asked to identify the federal statutes, treaties or provisions of the United States Constitution at issue, Bliesath responds as follows:

> I'll be honest, I don't know but I'm sure they do something illegal, I've used them and from what I can tell they try and usurp the court.

(Civ. A. No. 20-CV-5396, Complaint, ECF No. 2 at 3.)  Bliesath avers that the facts underlying his claims include:

> Fee violations, endangering the welfare of the public. Damn thing say it cause cancer.  Piracy, illegal trade, spying, obscenity, dehumanizing, pornography to children, etc.

(*Id.* at 5.)  With respect to irreparable injury, Bliesath asserts that he might not make it "home to dinner" and that "[t]hey do stuff. That kill." (*Id.*)  The relief Bliesath seeks from the Court includes "[n]o more operations" and "seizure of funds and assets" with a possible "victim relief fund." (*Id.*)  Bliesath alleges "they" have made him a "foe" and have taken advantage of "tidy cat." (*Id.*)

**Civil Action No. 20-5397**

In this form Complaint entitled "Complaint for a Civil Case Alleging Negligence," Bliesath does not assert any acts or failures to act, nor does he set forth any factual averments demonstrating that anyone was negligent.  (Civ. A. No. 20-CV-5397, Complaint, ECF No. 2 at

---

[2] Although it appears Bliesath forgot to attach the list of defendants to the Complaint for Civil Action No. 20-5396, in the context of the group of complaints he filed together, which appear predicated on the same assertions, the Court understands this to be another complaint against the same defendants.

4.) Instead, Bliesath avers that the Defendants "can't control business, too large, monopoly, unsafe, slander, most don't have enough money to stop things put on from spreading." (*Id.* at 4.) He alleges "sexual pornographic acts, hunting, mocking, dangerous behavior resulting in death, drugs, etc." (*Id.*)

Bliesath alleges that he has suffered "serious mental anguish" including "loss of sleep" and the "inability to start [a] business." (*Id.*) He states that there is a "lack of morality" which "violate[s] marriage and mating." (*Id.*) Bliesath asserts that "they" have told him to "injure" himself and have created an "unsafe work environment." (*Id.*) Bliesath requests that the Court "stop" the Defendants from "attempting to control us . . . like cattle" and for "usurping the courts" and "our homes." (*Id.*) He asserts that "they should get nothing but jail [f]or being a Willy Wonka." (*Id.*)

## II.   STANDARD OF REVIEW

Because it appears that Bliesath is incapable of paying the fees necessary to commence these civil actions, the Court will grant him leave to proceed *in forma pauperis* in each of these cases. Accordingly, Bliesath's Complaints are subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss a complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not

suffice." *Id.* As Bliesath is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court has carefully reviewed all three of Bliesath's Complaints and concludes that there is no discernable basis for any legal claims within the Court's jurisdiction. The allegations in all three of the Complaints are fanciful and delusional indicating, *inter alia*, that the Defendants are involved in "murderous behavior" and "attempts to overthrow" the government, and they have instructed him to injure himself and "eat a glitter covered glue lollipop" with the suggestion that he should die. *See* Civ. A. No. 20-CV-5395, Complaint, ECF No. 2 at 3; Civ. A. No. 20-CV-5396, Complaint, ECF No. 2 at 5; and Civ. A. No. 20-CV-5397, Complaint, ECF No. 2 at 4.

Generally, the Complaints at issue appear to set forth, at least in part, some of Bliesath's personal concerns and frustrations with technological advances and online social media and networking companies. But there is no legal theory on which he can rely in any of his Complaints. Bliesath's concerns and frustrations about technology and social networking do not equate to a federal claim. Accordingly, all of Bliesath's Complaints will be dismissed as frivolous.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Bliesath leave to proceed *in forma pauperis* and dismiss his Complaints in each of his cases. As it appears amendment would be futile, especially in light of Bliesath's three failed attempts to set forth a plausible claim, the Court will dismiss these cases with prejudice. An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**